IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>PAUL A. LANDE, SR., JEANNE R. LANDE, and BIG HORN COUNTY, a political subdivision of the State of Montana,<br><br>            Defendants. | CV-06-40-BLG-CSO<br><br><br><br>**<u>ORDER</u>** |

On January 22, 2007, Joseph V. Womack ("Womack") filed a guardian ad litem report to the Court regarding Defendant Paul A. Lande's ("Lande") competency.  <u>See</u> *Court's Doc. No. 47*.[1]  In his report, Womack indicates that it is his "recommendation that a guardian ad litem be appointed for Mr. Lande for this litigation."  *Womack Report* at 1.

Womack makes this recommendation based upon his November 30, 2006, interview with Lande and his wife Jeanne R. Lande and based upon medical reports obtained from Lande's primary physician Dr.

---

[1] After a hearing, Womack was appointed as a temporary guardian ad litem for Lande.  <u>See</u> *Court's Doc. No. 38*.  He was directed to investigate the question of Lande's competency and provide a report to the Court.

Robert G. Byron and Lande's neurologist Dr. Roger S. Williams. Id. at 2.  Dr. Byron indicates in two letters that he has been Lande's physician for over twelve years.  He states that Lande suffers from several medical conditions, including: Parkinson's disease; coronary artery disease; and hypercholesterolemina.  Id. at Ex. 1, pgs. 1 & 2.  Dr. Byron indicates that it is his opinion that Lande is not competent to manage his affairs on a daily basis, especially as they relate to a lawsuit.  Id.

Dr. Williams indicates in his letter that "Mr. Lande clearly does have cognitive impairment."  Id. at Ex. 3,  Dr. Williams, however, states that a neuropsychological consultation is necessary before addressing Lande's mental competency.  Id. Womack argues that unlike Dr. Byron, Dr. Williams has only seen Lande infrequently.  Id. at 3.  Womack contends that he does not believe a neuropsychological consultation is necessary, and agrees with Dr. Byron.  Id. at 4.

In his report, Womack indicates that Lande:

> [I]s not physically able to carry out the actions necessary to handle a lawsuit.  His Parkinson's has progressed to the point that he has difficulty speaking and signing his name.  His mental capacity is diminished to the point that his primary physician is of the opinion that he is not able to manage his daily affairs and particularly a lawsuit.  Dr. Byron's opinion is consistent with the undersigned's observations and the report of Jeanne Lande.

Id.  Accordingly, Womack asserts that appointment of a guardian ad litem would be appropriate due to Lande's diminished mental

ability to make decisions regarding this litigation.  Id.

Based upon the foregoing, the Court determines that Lande is not competent to represent himself in this case.

Accordingly, IT IS HEREBY ORDERED that:

(1) Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, Joseph V. Womack is appointed as guardian ad litem for Lande for purposes of this litigation.

(2) Womack's shall be compensated for said service by the Plaintiff herein.

(3) Plaintiff shall immediately effect service upon Lande accordingly to Rule 4(g) of the Federal Rules of Civil Procedure and Rule 4D(2)(a) of the Montana Rules of Civil Procedure.

(4) The stay issued by Court Order on August 23, 2006 (*Court's Doc. No. 29*), is hereby **lifted**.

(5) Defendant Jeanne Lande shall file her response to Plaintiff's Motion for Summary Judgment (*Court's Doc. No. 19*) on or before **Wednesday, February 28, 2007**.  Plaintiff may file an optional reply brief on or before **March 12, 2007.**

DONE and DATED this 30th day of January, 2007.

>                **/S/** Carolyn S. Ostby
>                Carolyn S. Ostby
>                United States Magistrate Judge