IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>PAUL A. LANDE, SR., JEANNE R. LANDE, and BIG HORN COUNTY, a political subdivision of the State of Montana,<br><br>             Defendants. | CV-06-40-BLG-CSO<br><br>**ORDER DENYING DEFENDANT JEANNE R. LANDE'S MOTION FOR LEAVE TO FILE AND MOTION TO STRIKE** |

Pending before the Court are Defendant Jeanne R. Lande's ("Lande") motion for leave to file overlength brief (*Court's Doc. No. 50*) and motion to strike (*Court's Doc. No. 52*). Plaintiff United States of America ("United States") opposes both motions. Having considered the issues presented by the parties, together with their submissions in support of their respective arguments, the Court is prepared to rule.

I.   **LANDE'S MOTION FOR LEAVE TO FILE**

On February 26, 2007, Lande filed a "motion for an order allowing expansion of page limit for [her] opposition brief." In her motion, Lande asks the Court to allow her to file a response brief which exceeds the twenty page limit set by Local Rule

-1-

7.1(e).  *Lande's Mot.* at 1.  Lande contends that the basis for her motion is that "development of material genuine issues, being 21 in number, with a 25 page Addendum setting forth statutes and regulations does not allow Defendant to present a Brief covering each of the 21 issues in 20 pages."  <u>Id</u>.

The United States argues that Lande's motion should be denied.  It contends that this is a foreclosure action and that such matters can be addressed within the twenty page limit set by the Local Rules.  *U.S.'s Response Brief* at 2.

For the following reasons, the Court will deny Lande's motion.  Local Rule 7.1(e) allows for response briefs to be up to twenty pages in length, excluding exhibits, any table of contents, and certificate of service.  Lande seeks to file a brief that is fifty pages long, with an additional twenty-four page addendum attached.  This is excessive.  The United States' brief in support of its motion for summary judgment is fifteen pages in length.  <u>See</u> *Court's Doc. No. 20*.  These fifteen pages, however, were used not only to support its motion for summary judgment, but also to respond to Lande's motion to dismiss.  In fact, less than five pages of the brief are devoted to the United States' motion for summary judgment.  <u>See</u> *U.S.'s Brief in Opposition Lande's Mot. Dismiss & Support of S.J.* at 10-15.  No persuasive explanation has been offered as to why Lande needs fifty pages to respond to the United States' five pages of

argument.

This case appears to be a straightforward foreclosure action. Twenty pages should be sufficient to address the legal issues before the Court. Accordingly, the Court finds that Lande has not made a sufficient showing that she should be allowed to file a document in excess of twenty pages. Thus, her motion will be denied.

## II.   LANDE'S MOTION TO STRIKE

On March 8, 2007, Lande filed a "motion to strike from record irrelevant and prejudicial documents." This motion was brought in response to statements made by the United States regarding Levon Bretz ("Bretz") in its response brief to her motion for leave to file. Lande argues that she has no knowledge of the matters raised by the United States, and believes that they are irrelevant to issues raised in her response brief. *Lande's Mot. to Strike* at 1. She contends that the United States' statements were made for purposes of prejudicing the Court "in making a just and fair examination of the issues raised." Id. Lande asks the Court to strike from the record any reference to Bretz.

The United States responds that Lande's motion should be denied. The United States contends that Rule 12(f) of the Federal Rules of Civil Procedure (hereafter "Rule 12(f)") does not apply in this instance. *U.S.'s Response Brief* at 2.

Further, it asserts that its concerns regarding Bretz and his "possible coaching" is material and relevant. Id. at 2, 4.

Pursuant to Rule 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. Pleadings are defined as a complaint, answer, counterclaim, answer to a cross claim, a third party complaint, and a third party answer. *Fed. R. Civ. P. 7(a)*. Here, the subject material is not included in a pleading, thus this rule does not apply. Even if Rule 12(f) did apply, however, motions to strike are viewed with disfavor and are rarely granted. See U.S. v. Southern Cal. Edison Co., 300 F.Supp.2d 964, 973 (E.D. Cal. 2004) (citations omitted). "Such motions should be granted only where it can be shown that none of the evidence in support of an allegation is admissible." Id.

The Court is concerned about the allegations made by the United States. It appears that Bretz may be practicing law in this case. See Mont. Supreme Court Comm. on the Unauthorized Practice of Law v. O'Neil, 2006 MT 284, ¶ 87, 334 Mont. 311, ¶ 87, 147 P.3d 200, ¶ 87 (holding that "conduct of drafting pleadings for his customers, providing them with legal advise and appearing in court with his customers, unquestionably constitutes 'practicing law' under § 37-61-201, MCA"). Lande readily admits that Bretz has provided her with legal advice and assistance.

*Lande's Mot. to Strike* at 2; *Lande's Reply* at 2-4.  In her lodged supporting documents, Lande attaches a declaration in support of her response brief, which is executed by Bretz.  In his "Declaration", Bretz states that he is a "special agent representative" for Lande, and he presents legal arguments on her behalf.

Lande's filings in this case demonstrate a remarkable similarity to pleadings in other cases in which it is suspected that Bretz was involved and provided legal advice.  See e.g., *Lande's Brief in Support of Mot. Dismiss* (*Court's Doc. No. 15*) at pgs. 2-9, *compared with*, *U.S.'s Response Brief*, Ex. 6, pgs. 9-13; Ex. 8, pgs. 3-8; Ex. 10.  If Bretz is drafting pleadings on Lande's behalf and providing her with legal assistance in the defense of this lawsuit, such activity constitutes "practicing law" under Mont. Code Ann. § 37-61-201, which Bretz is not permitted to do.

"Admission to the Bar of this Court is limited to attorneys of good moral character who are members in good standing of the State Bar of Montana."  *L.R. 83.3(a)* (emphasis added).  The Court has been informed that Bretz was disbarred by the Montana Supreme Court in 1975.  Local Rule 83.14(m)(1) provides that: "No suspended or disbarred attorney may resume practice before the Court until reinstated by order of the Court."  The Court is aware of no orders which have reinstated Bretz to practice in

this Court or any other court within this State.

Lande contends that she was required to consult with Bretz, who was her representative at the USDA administrative level, so she could prepare her responses to materials in this case. *Lande's Mot. to Strike* at 2.  She asserts that as a *pro se* litigant, she has the right to seek information and advice from any person.  Id.; see also *Lande's Reply Brief* at 2-3.  Lande then informs the Court that Bretz is still her representative in pending administrative proceedings at the USDA administrative level.  Id. at 2; id. at 3.

This is not an administrative proceeding.  Only licensed attorneys may practice in this federal district court.  Lande has placed herself before this Court *pro se*.  The Local Rule on *pro se* litigants provides in pertinent part that: "Any individual acting without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court."  *L.R. 83.15(a)* (emphasis added).

Based on the foregoing, the Court finds that Lande's motion to strike is without merit and it will be denied.

### III. UNITED STATES' REQUEST FOR HEARING

Throughout its responsive briefing, the United States requests that the Court hold a hearing in this case.  See *U.S.'s Response to Mot. for Leave to File* at 5; *U.S.'s Response to Mot. to Strike* at 4.  Upon review of the pending motions, the Court

deems that it would be appropriate to set a hearing in this matter.  Accordingly, a hearing on all pending motions will be held.

**IV.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Lande's motion for leave to file (*Court's Doc. No. 50*) is **DENIED**.  On or before **Monday, April 30, 2007**, Lande shall file her response to the United States' motion for summary judgment.  The United States shall file its reply brief on or before **Monday, May 14, 2007.**

(2) Lande's motion to strike (*Court's Doc. No. 52*) is **DENIED.**

(3) The Court will hold a hearing on all pending motions on **Tuesday, June 19, 2007,** at the James F. Battin Federal Courthouse, Billings, Montana.

DONE and DATED this 17th day of April, 2007.

> **/S/** Carolyn S. Ostby
> Carolyn S. Ostby
> United States Magistrate Judge